\*\*E-filed 1/10/07\*\*

1  Scott R. Mosko (State Bar No. 106070)
   scott.mosko@finnegan.com
2  FINNEGAN, HENDERSON, FARABOW,
     GARRETT & DUNNER, L.L.P.
3  3300 Hillview Avenue
   Palo Alto, California 94304
4  Telephone:    (650) 849-6600
   Facsimile:    (650) 849-6666
5
   Michael L. Rodenbaugh (State Bar No. 179059)
6  YAHOO! INC.
   701 First Avenue
7  Sunnyvale, California 94089
   Telephone:    (408) 349-3300
8  Facsimile:    (408) 349-3400

9  Of Counsel:

10 David M. Kelly
   david.kelly@finnegan.com
11 FINNEGAN, HENDERSON, FARABOW,
     GARRETT & DUNNER, L.L.P.
12 901 New York Avenue, N.W.
   Washington, D.C. 20001
13 Telephone: (202) 408-4000
   Facsimile: (202) 408-4400
14
   Attorneys for Plaintiff
15 Yahoo! Inc.

16

17             UNITED STATES DISTRICT COURT

18             NORTHERN DISTRICT OF CALIFORNIA

19                   SAN JOSE DIVISION

20

21 YAHOO! INC.                    | CASE NO. 5:06-cv-07594-JF

22         Plaintiff,             | **STIPULATION AND [PROPOSED]
                                  | ORDER ENTERING PERMANENT
23         v.                     | INJUNCTION AND OTHER RELIEF
                                  | AND JUDGMENT**
24 WILLIAM SKIPTON

25         Defendant.

26

27

28

Doc. No. 454980

## JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF

Plaintiff Yahoo! Inc. ("Yahoo!" or "Plaintiff") and Defendant William Skipton ("Skipton" or "Defendant"), have settled the above-identified matter. The parties stipulate to a Permanent Injunction and Other Relief, set forth in detail below.

IT IS HEREBY STIPULATED AS FOLLOWS:

A.  This Court has jurisdiction over Plaintiff and Defendant, and both parties expressly consent to personal jurisdiction in this Court.

B.  Defendant and all persons in active concert or participation with him who receives actual notice of this Order by personal service or otherwise are hereby PERMANENTLY ENJOINED from:

1.  All use and registration of the marks and names YAHOO!, Y!, any "YAH"-formative marks or names, any other trademarks owned by Yahoo!, and any other marks or names confusingly similar thereto (including, but not limited to, Y! Jacked, YahELite Thief, Y! Rat, and YIM PW Remote), as, or as part of, any trademark, service mark, corporate name, business name, trade name, domain name, e mail address, URL, metatag, or other name or identifier.

2.  Directly or indirectly, creating, developing, promoting, advertising, using, distributing, providing, offering, selling, or otherwise making available the Software or any computer software or other products or services that are designed (in whole or part) to, or have the ability to, alter, modify, or hack into any YAHOO! software programs or services, to spy on or spam users of YAHOO! software programs, and/or to collect user names, passwords, or other information from YAHOO! users for any purpose, and from providing the Software or any code, intellectual knowledge, other software, or other information to any third parties that would assist such third parties in creating, developing, distributing, or using such computer software.

3.  Using at any time in the future the website (in whole or part) that was previously located at http://www.yprog.com in connection with any other domain name or URL.

4.      Representing by any means whatsoever, directly or indirectly, that Defendant, any products or services offered by Defendant, or any activities undertaken by Defendant, are associated or connected in any way with Yahoo!.

C.      Defendant will immediately destroy all copies of the Software and any other computer software or code enjoined by Paragraph B.2. above that are in his possession or control, whether directly or indirectly.

D.      Defendant will give written notice to all persons to whom he has sold or otherwise provided the Software and any other computer software prohibited by the terms of Paragraph B.2. above, that pursuant to a Court order, he is no longer offering, selling, supporting, maintaining, servicing, or updating the Software, and that any continued use of the Software may result in civil and/or criminal liability. Defendant is not required to provide Yahoo! with documentary proof of having given such notices, nor the identities and contact information of the recipients of those notices.

E.      Tucows Inc., Registrar of the domain name YPROG.COM, and any subsequent registrars, shall immediately transfer ownership of the domain name YPROG.COM to Yahoo!, and Defendant will immediately execute and provide all documents and take all actions necessary to effectuate that transfer.

F.      Defendant shall execute and deliver to Yahoo! any documents and take such other reasonable actions as required to immediately transfer to Yahoo! any other domain names owned or controlled by Defendant that:

(a)     contain the terms "YAHOO," "YAH," and any other terms that are confusingly similar to YAHOO;

(b)     contain the letter "Y" to the extent the domain name relates to Yahoo! or to any of Yahoo!'s products or services; and

(c)     contain or are confusingly similar to any other trademarks owned by Yahoo!.

G.      Defendant shall file with this Court and serve on Yahoo!'s attorneys, forty (40) days after the date of entry of this Order, a report in writing and under oath setting forth in detail the manner and form in which he has complied with the injunction.

1     H.    Each party will bear its own costs of this litigation.

2     I.    This case be otherwise dismissed in accordance with this order and judgment.

3     J.    This Court shall retain jurisdiction of any disputes between the parties, their heirs, successors, and assigns with respect to enforcement of this Judgment of Permanent Injunction and Other Relief and the settlement agreement entered into between the parties.

    K.    Judgment pursuant to this Order shall enter.

STIPULATION

The undersigned stipulate to the entry of the foregoing Permanent Injunction and Other Relief.

Dated: December 29, 2006

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.

By: _____
Scott R. Mosko
Attorneys for Plaintiff Yahoo! Inc.

Dated: December 21, 2006

By: _____
William Skipton
Defendant William Skipton, pro se

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Date: 1/10/07

_____
Honorable Jeremy Fogel
United States District Court Judge

Doc. No. 454980

3

Stipulation and [Proposed] Order Entering
Permanent Injunction and Other Relief
Case No. 5:06-cv-07594-JF